**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jennifer Shawgo et al,

Plaintiffs,

v.

Counter Brands, LLC and The Carlyle Group Inc.,

Defendants.

Case No. 24-cv-556 (PJS/TNL)

**ORDER**

---

Pamela Abbate Dattilo, Samuel W. Diehl, and Tara Kennedy, CrossCastle, 333 Washington Avenue North, Suite 300-9078, Minneapolis, MN 55401 (for Plaintiffs); and

Amran Farah and Mark L. Johnson, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402; Andrew B. Clubok, Latham & Watkins LLP, 555 Eleventh Street Northwest, Suite 1000, Washington, DC 20004; David J. Schindler and Gregory Swartz, Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071; and Melanie Blunschi, Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111 (for Defendants).

---

## I. BACKGROUND

This matter is before the Court on the Motion to Withdraw as Counsel of Record for Defendant Counter Brands, LLC d/b/a Beautycounter, ECF No. 27. Attorneys Mark Johnson and Amran Farah of Greene Espel PLLP; and David Schindler, Melanie Blunschi, Andrew Clubok, and Gregory Swartz of Latham & Watkins LLP (collectively, the "Attorneys") have moved to withdraw as counsel in this matter for Defendant Counter Brands, LLC d/b/a Beautycounter ("Counter Brands, LLC"). *See generally id.* No

opposition was filed in response to this motion. This motion was taken under advisement on the papers, without a hearing. *See* ECF No. 35.

## II. ANALYSIS

The Attorneys move to withdraw based on Defendant Counter Brands, LLC's failure to pay outstanding legal bills. *See* Declaration of Melanie M. Blunschi ¶ 3, ECF No. 31. As a result of financial distress, Defendant Counter Brands, LLC has ceased all business operations and has instructed the Attorneys to terminate all work and advised that it is unable to pay any outstanding legal fees. *Id.* ¶ 3. Counter Brands, LLC was notified of this motion and consents to the Attorneys' withdrawal. *Id.* ¶ 5. Counter Brands has been advised of the likelihood of a default judgment resulting from the Attorneys' withdrawal. *Id.* The Attorneys will remain counsel of record for Defendant The Carlyle Group Inc. *Id.* ¶ 6.

For cases involving withdrawal for failure to pay legal fees, federal courts "look[ ] to the rules governing professional conduct for guidance." *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)). "The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts." *Sanford*, 816 F.3d at 549 (citing D. Minn. LR 83.6(a)). Rule 16(b) of the Minnesota Rules of Professional Conduct permits the lawyer to withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Minn. R. Prof. Cond. 16(b)(5). Under District of Minnesota Local Rule 83.7(c), withdrawal of counsel in

the absence of substitute counsel may only be allowed upon a motion and a showing of "good cause" and after the attorney notifies the client of the motion.

"What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Cabo Holdings, LLC v. Engelhart*, No. 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. Ct. App. 1986)). The Eighth Circuit Court of Appeals has held that a client's "refusal to pay was undoubtedly a substantial failure to fulfill an obligation to the lawyer and supplied good cause for withdrawal." *Sanford*, 816 F.3d at 550 (quotation omitted).

The Attorneys established the requirements for withdrawal under both the Minnesota Rules of Professional Conduct and this District's Local Rules. The Attorneys have notified Defendant Counter Brands, LLC of this motion and have advised Defendant Counter Brands, LLC of the effects of this motion if granted. Defendant Counter Brands, LLC's substantial failure to fulfill its payment obligations to the Attorneys supply the requisite good cause for the Attorneys' withdrawal. Permitting the Attorneys to withdraw would not severely prejudice Defendant Counter Brands, LLC because it has ceased all business operations, has instructed the Attorneys to terminate all work, and has been informed of the potential negative consequences. No party has identified any prejudice concerns and because as described more fully below, should Defendant Counter Brands, a limited liability company, not secure substitute counsel, Plaintiffs may well be "entitled to default judgment against it," which "would expedite the case, rather than delay it." *See*

*Sanford*, 816 F.3d at 550. For these reasons, there exists good cause for withdrawal without substitution and the motion to withdraw is granted. The Attorneys and their respective law firms are no longer counsel of record for Defendant Counter Brands, LLC. The Attorneys shall serve a copy of this Order on Defendant Counter Brands, LLC via mail and e-mail. **The Attorneys shall file an affidavit with the Court no later than May 31, 2024, detailing their efforts to serve Defendant Counter Brands, LLC with this Order.**

Lastly, as noted above, Defendant Counter Brands is a limited liability company. As a limited liability company, Defendant Counter Brands "cannot appear pro se in this litigation, even through party representatives who are its sole owners or members." *Scherber Cos. LLC v. T. Scherber Demolition & Excavating L.L.C.*, No. 19-cv-2407 (DWF/KMM), 2020 WL 1816037, at *1 n.1 (D. Minn. Apr. 10, 2020). "Limited liability companies, like corporations, can only appear in federal court through counsel." *Id. See, e.g.*, *United States v. Lylalele, Inc.*, No. 99-3874, 2000 WL 688237, at *1 (8th Cir. May 30, 2000) (per curiam) ("[C]orporations . . . cannot appear in federal court without legal representation."); *accord Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."). Accordingly, Defendant Counter Brands, LLC cannot proceed in this matter without counsel. *Scherber Cos. LLC*, 2020 WL 1816037, at * 1 n.1. Failure to obtain new counsel may result in default judgment against it. *See Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (finding an entry of default against a corporate defendant proper where the corporate defendant "failed to engage counsel admitted to practice before the district court"). **The Court urges Defendant Counter Brands, LLC to obtain new counsel, and to notify this Court of**

**such, by May 31, 2024.** Defendant Counter Brands LLC's failure to do so may result in default judgment, upon motion, against it. *See also Antioch Co. v. Scrapbook Border, Inc.*, 210 F.R.D. 645, 646 n.1 (D. Minn. 2002) ("[W]e urge the Defendant[ ] to retain counsel to, at the very least, defend [the entity defendant] in this action, or else the Court may have to consider a Motion for Default Judgment against the corporation.").

## III. ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Attorneys' Motion to Withdraw as Counsel of Record for Defendant Counter Brands, LLC d/b/a Beautycounter, ECF No. 27, is **GRANTED**.

2. The Attorneys shall serve a copy of this Order upon Defendant Counter Brands, LLC via mail and e-mail. **The Attorneys shall file an affidavit with the Court no later than May 31, 2024, detailing their efforts to serve Defendant Counter Brands, LLC with this Order. The Attorneys shall also include in the affidavit Defendant Counter Brands LLC's current contact information.**

3. **As it may not appear without counsel, Defendant Counter Brands, LLC must secure counsel no later than May 31, 2024, and counsel must enter an appearance forthwith.**

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

[Continued on next page.]

Date: May 16, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Shawgo et al v. Counter Brands LLC et al,*
Case No. 24-cv-556 (PJS/TNL)